UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLOS VILLIMAR SOLIS and ROLANDO CHACON, individually and on behalf of others similarly situated,

        Plaintiffs,

-against-

COSTAMAR EXPRESS CARGO & SHIPPING, INC. and BYRON ARCOS,

        Defendants.

Case No.:

**COMPLAINT**

**Collective Action and Class Action Complaint**

Plaintiffs CARLOS VILLIMAR SOLIS ("Solis") and ROLANDO CHACON ("Chacon"), individually and on behalf of others similarly situated by and through their attorneys, FISHER TAUBENFELD LLP, allege against Defendants COSTAMAR EXPRESS CARGO & SHIPPING, INC. (the "Corporate Defendant") and BYRON ARCOS (the "Individual Defendant") (collectively, the "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, the Corporate Defendant resides in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

3. The Corporate Defendant is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 4310 National Blvd, Corona, NY 11366.

4. The Corporate Defendant operate a shipping company, which is headquartered in Queens County, New York.

5. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

6. Plaintiff worked with tools and materials that traveled through interstate commerce, particularly dollies and tap.

7. At all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

8. At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within the meaning of the FLSA.

9. At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiffs.

10. At all relevant times hereto, Defendants have been Plaintiffs' employers within the meaning of the New York Labor Law ("NYLL") §§ 2 and 651.

11. Each Plaintiff is an adult individual who has been employed by Defendants within the last six (6) years.

12. Upon information and belief, Defendant Acros resides in the State of New York and is an owner, manager, and/or employee of the Corporate Defendant.

13. Upon information and belief, Defendant Acros is the sole owner of the Corporate Defendant and operates the Corporate Defendant. Defendant Acros makes and/or made hiring and firing, scheduling, and payroll decisions and maintains pay records on behalf of the Corporate Defendant.

14. Defendant Acros is a natural person engaged in business in the State of New York, who is sued individually in his capacity as an owner, manager, and/or agent of the Corporate Defendant.

15. Defendant Acros exercises operational control over the Corporate Defendant's operations.

16. At all relevant times, all Defendants have been Plaintiffs' employer within the meaning of the FLSA and NYLL. Defendant Acros possessed and executed the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, determined the rate and method of any compensation in exchange for their services, and maintained records of their employment.

17. Defendant Acros, among other actions, hired and fired Plaintiffs, set their rates of pay, determined their schedule, and maintained employment records.

18. Defendant Acros is Plaintiffs' employer under the FLSA and NYLL and is individually liable to Plaintiffs.

## NATURE OF THE ACTION

19. Plaintiffs bring this action on behalf of (a) themselves and other similarly situated employees who have worked for the Defendants on or after the date that is three (3) years before the filing of this Complaint pursuant to the FLSA; and (b) themselves and other similarly situated employees on or after the date that is six (6) years before the filing of this Complaint pursuant to the NYLL and the New York Commissioner of Labor's Wage Orders codified at 12 N.Y.C.R.R. 142 *et seq.*, based upon the following acts and/or omissions:

   i. Defendants' failure to pay minimum wage compensation required by New York State law and regulations to Plaintiffs;

   ii. Defendants' failure to pay overtime compensation required by federal and New York State law and regulations to Plaintiffs when they worked in excess of forty (40) hours per week; and

   iii. Defendants' failure to provide Plaintiffs with a wage notice or proper paystubs as required by NYLL § 195.

## FACT ALLEGATIONS

20. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiffs have been and continue to be economically injured.

21. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

*Plaintiff Solis' Schedule and Pay*

22. Defendants hired Plaintiff Solis on March 10, 2018, as a driver, a position he held until Defendants terminated him on April 25, 2019.

4

23. Throughout most of Plaintiff Solis' employment, he usually worked six days a week. His usual schedule was Monday through Wednesday from 10:00 a.m. until 11:00 p.m., Thursday from 10:00 a.m. to 4:00 a.m., and Friday and Saturday from 10:00 a.m. to 10:00 p.m.

24. On several occasions, Plaintiff Solis was scheduled to work on Saturday from 6:00 a.m. to as late as 10:00 p.m.

25. For this work, Defendants paid Plaintiff Solis a set weekly rate of six hundred dollars ($600.00) for his scheduled hours, which did not meet the New York State minimum wage.

26. Plaintiff Solis received a raise in February 2019 to six hundred and fifty dollars a week ($650.00).

27. Defendants also did not pay Plaintiff Solis any extra pay for the extensive overtime hours he worked each week.

28. As such, Defendants violated both the federal Fair Labor Standard Act and the New York Labor Law by failing to properly pay Plaintiff Solis for each of his hours at the proper rate.

*Plaintiff Chacon's Schedule and Pay*

29. Defendants hired Plaintiff Chacon on May 12, 2018, as a driver, a position he held until Defendants terminated him on June 15, 2019.

30. Throughout most of Plaintiff Chacon's employment, he usually worked six days a week. His usual schedule was Monday through Wednesday from 10:00 a.m. until

9:00 p.m. or 10:00 p.m., Thursday from 10:00 a.m. to 2:00 a.m. or 4:00 a.m. or later, Friday from 10:00 a.m. to 8:00 p.m. or 9:00 p.m., and Saturday from 10:00 a.m. to 7:00 p.m. or 8:00 p.m.

31. On several occasions, Plaintiff Chacon was scheduled to work on Saturday from 6:00 a.m. to as late as 9:00 p.m.

32. Plaintiff Chacon also worked on Sunday on limited occasions.

33. For this work, Defendants initially paid Plaintiff Chacon a set weekly rate of six hundred dollars ($600.00) for his scheduled hours, which did not meet the New York State minimum wage.

34. Plaintiff Chacon received a raise in February 2019 to six hundred and fifty dollars a week ($650.00).

35. Defendants also did not pay Plaintiff Chacon any extra pay for the extensive overtime hours he worked each week.

36. As such, Defendants violated both the federal Fair Labor Standard Act and the New York Labor Law by failing to properly pay Plaintiff Chacon for each of his hours at the proper rate.

### *Defendants' Violations of NYLL § 195*

37. Defendants have failed to provide Plaintiffs with a wage notice in compliance with NYLL § 195.

38. Defendants did not at any time provide Plaintiffs with a notice specifying their rate of pay, the basis of pay, allowances, if any, claimed against the minimum wage (e.g., tips, meals, lodging) or the identification of their regular pay day.

39. Defendants also failed to provide Plaintiffs with wage statements stating, among other things, the correct number of regular or overtime hours they worked or their hourly rate for regular or overtime hours.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

40. Defendants' failure to comply with the FLSA extended beyond the Plaintiffs to all other similarly situated employees insofar as Defendants had a policy to pay their employees a set weekly pay rate that did not provide for the minimum wage and also did not include any overtime premium for the hours they worked in excess of 40.

41. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated current and former non-exempt employees of Defendants pursuant to 29 U.S.C. § 216(b).

42. The consent to sue forms for Plaintiffs are attached hereto as **Exhibit 1**.

43. Upon information and belief, there are at least 50 current and former employees who have been denied proper minimum and overtime wage compensation while working for Defendants.

44. At all relevant times, Plaintiffs and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek. The claims of Plaintiffs stated herein are similar to those of the other employees.

45. In bringing this action, Plaintiffs are representative of and are acting on behalf of the interests of other current and former non-exempt employees who have worked for Defendants within the last three (3) years.

### CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL

46. Plaintiffs bring this action on behalf of themselves and all other non-exempt persons who were or are employed by the Defendants but who did not receive compensation required by the NYLL in respect to their work for the Defendants.

47. Upon information and belief, this class of persons consists of no fewer than 100 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

48. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiffs by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

49. The claims of Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

50. Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

51. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

52. Plaintiffs bring the second, fourth, and fifth claims for relief herein on behalf of themselves and all other persons similarly situated as a class action pursuant to

Fed.R.Civ.P.23, in respect to all claims that Plaintiffs and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Wage Violations by Plaintiffs)**

53. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

54. Throughout the statute of limitations period covered by these claims, Plaintiffs and others similarly situated regularly worked in excess of forty (40) hours per workweek.

55. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiffs and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

56. Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(NYLL Overtime Wage Violations)**

57. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

58. New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

59. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly have failed to pay Plaintiffs and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

60. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violations)**

61. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

62. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed in this Complaint.

63. Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiffs and others similarly situated the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

64. Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
**(NYLL Minimum Wage Violations)**

65. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

66. Defendants knowingly and willfully paid the Plaintiffs and others similarly situated less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

67. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
**(NYLL Failure to Notify)**

68. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

69. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiffs and other similarly situated employee's hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

70. Pursuant to §195(3) of the NYLL, Defendants were required to provide to Plaintiffs and others similarly situated a wage statement containing, *inter alia*, a correct record of each overtime hour worked and the employee's overtime rate of pay.

71. Defendants failed to provide Plaintiffs and others similarly situated with a notice or wage statements in accordance with §195 of the NYLL.

72. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such notice and wage statement, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment for:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiffs' costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated:  June 2, 2021
        New York, New York

Respectfully submitted,

*Michael Taubenfeld*
Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFFS*

# EXHIBIT 1

## **AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO**

Soy un individuo que fue empleado de Costamar Express Cargo & Shipping, Inc. o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

_____
NOMBRE

_____
FIRMA

5/26/2021
_____
FECHA

**CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT**

I am an individual who was formerly employed by Costamar Express Cargo & Shipping, Inc. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_____*CV*_____
SIGNATURE

_____*5/26/21*_____
DATE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Carlos Villamar.

_____*matthew vasquez*_____
MATTHEW VASQUEZ

## **AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO**

Soy un individuo que fue empleado de Costamar Express Cargo & Shipping, Inc. o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

_____
DocuSigned by: [signature]
8400E140BA25401...
NOMBRE

_____
DocuSigned by: [signature]
8400E140BA25401...
FIRMA

5/25/2021
_____
FECHA

Case 1:21-cv-03126-DG-PK   Document 1   Filed 06/02/21   Page 17 of 17 PageID #: 17

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by Costamar Express Cargo & Shipping, Inc. and/or related entities.  I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_____RC_____
SIGNATURE

_____5/25/21_____
DATE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Rolando Chacon.

_____matthew vasquez_____
MATTHEW VASQUEZ